UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TAMARA LASALLE ROBERSON | CIVIL ACTION NO. 23-cv-597 |
| VERSUS | JUDGE DONALD E. WALTER |
| RENARD DESHAE WILLIAMS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a *pro se* motion for summary judgment filed by Plaintiff, Tamara LaSalle Roberson ("Roberson"). See Record Document 13. Defendant Renard Deshae Williams ("Williams") filed an untimely *pro se* opposition. See Record Document 22. Roberson replied. See Record Document 23. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

This *pro se* legal action was instituted on June 1, 2023[1], and arises from what appears to be a failed pawn agreement. See Record Document 3 at 1. In her five-count complaint, Plaintiff seeks to recover her vehicle or, in the alternative, its market value as well as damages. See id. Specifically, she asserts claims of (1) fraud, (2) conversion, (3) breach of contract, (4) intentional infliction of emotional distress, and (5) unfair trade practices. See id. at 4-7 ¶¶ 13-40.

The lawsuit alleges that on March 28, 2022, Roberson pawned her Porsche Panamera 2012 to Williams for $9,500 with a 30-day repayment term and additional interest of 30%. See Record Documents 3 at 2 ¶ 1; 18 at 1. According to Plaintiff, part of the deal was that Defendant would

---

[1] Plaintiff initially filed her lawsuit on May 4, 2023; however, it was deficient pursuant to 28 U.S.C. § 1914 and Local Civil Rule 10.1. See Record Document 2. She subsequently cured the defects and filed a Corrective Complaint on June 1, 2023, which now operates as a governing complaint in the matter.

repair a mirror of a driver's side of the car and keep the vehicle in his possession without operating it. See id. at 2 ¶ 1; at 1. After thirty days lapsed, Roberson claims to have made multiple efforts to reclaim her car and pay her debt, however, she failed to do so because Williams turned a deaf ear to her and abstained from performing under their agreement. She later discovered a bill of sale[2] for her vehicle that she allegedly did not sign through the Louisiana Office of Motor Vehicles ("OMV") records. See id. at 3 ¶ 11. Realizing that she was not going to receive her car back, Plaintiff filed the instant action with the Court. See Record Documents 1 and 3.

On July 19, 2023, Williams filed an untimely[3] and deficient[4] answer contesting Roberson's claims. Although he concedes to the pawn agreement, he denies that performing any repairs to the vehicle was part of their deal. See Record Document 10 at 1. Contrary to Plaintiff's allegations, he claims that Roberson signed a bill of sale along with the pawn agreement in the event she failed to meet her obligations to pay back the money, i.e., $13,000.[5] See id. According to Williams, Roberson promised to deliver the money on April 28, 2022, however, she never showed up on said date and went silent for nearly two weeks. See id. Defendant indicates that because Plaintiff defaulted on her payment under the parties' pawn agreement, he decided to keep the vehicle. See id. On August 21, 2023, Defendant amended his answer[6] to comply with Rule 11 of the Federal Rules of Civil Procedure without making any substantial changes to it. See Record Document 17.

---

[2] Record Documents 1 at 18; 13 at 9.
[3] The summons dated June 2, 2023, put Defendant on notice that he must answer within 21 days in accordance with Rule 12 of the Federal Rules of Civil Procedure. However, Defendant did not comply with the rule, nor did he file for an extension. See Record Document 7.
[4] The Notice of Deficient Document dated July 19, 2023, notified Defendant that he failed to comply with Federal Rule of Civil Procedure 11, i.e., sign his answer. See Record Document 11.
[5] The Parties agreed that Roberson should repay her loan in amount of $9,500 with additional 30% interest. As a result, the total amount owed by the Plaintiff is $13,000.
[6] Although Defendant cured his answer pursuant to this Court's Order dated July 19, 2023, he nevertheless failed to submit it in a timely manner, i.e., 21 days.

On August 3, 2023, Roberson filed the instant motion summary judgment motion focusing solely on her claims of fraud and forgery. See Record Document 13 at 1. Plaintiff essentially asserts that she pawned her vehicle to Williams with an intention to reclaim it upon paying him back, however, after Williams took possession of the vehicle as collateral, he allegedly forged her signature on the bill of sale for the Porsche in order to keep it for himself. She supports her allegation with an expert report that was prepared by an alleged handwriting expert. See Record Document 13 at 10, 12 and 13. On August 28, 2023, Roberson supplemented her motion denying (1) that she is acquainted with witness Kaniesha Williams ("Williams") and (2) that Williams was present at the time she and Defendant put their pawn agreement into writing. See Record Document 18 at 1 ¶ 15.[7]

On November 13, 2023, Williams filed an untimely response[8] to Roberson's summary judgement motion. See Record Document 22. In his response, he accuses Roberson of filing a frivolous lawsuit against him and provides a lengthy record covering *inter alia* Plaintiff's criminal records in an attempt to discredit her. See id. at 2-25. On November 20, 2023, Roberson replied, essentially restating her motion for summary judgment and requesting[9] this Court strike Williams's opposition as untimely. See Record Document 23.

---

[7] On September 7, 2023, Plaintiff addressed Defendant's corrective answer. See Record Document 19. In addition to restating her summary judgment argument, she requests that this Court strike his answer as well as the corrective answer to her complaint as untimely. See id.

[8] Pursuant to the Notice of Motion Setting dated August 4, 2023, Defendant had 21 days from the date of the Notice to file his opposition to Plaintiff's motion for summary judgment.

[9] The Court is mindful of Plaintiff's requests to strike Williams's answer and opposition to Roberson's motion. However, because both parties proceed *pro se*, the Court is taking a liberal approach to both parties' pleadings. Therefore, the Court will review and consider untimely pleadings filed by Defendant Williams.

3

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Johnson v. State Farm Fire & Cas. Co., No. 1:22-CV-3668, 2023 WL 9103131, at *2 (W.D. La. Dec. 12, 2023) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations or weighing the evidence. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097 (2000). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F. 2d 1014, 1016 (5th Cir. 1990).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which the moving party "contends there is no genuine issue to be tried." W. D. La. R. 56.1. The opposing party must then set forth a "short and concise statement of the material facts as to which

there exists a genuine issue to be tried." W. D. La. R. 56.2. All material facts set forth by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Id.

Roberson proceeds *pro se*. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972) (*per curiam*); see also Brunson v. Nichols, 875 F.3d 275, 277 (5th Cir. 2017). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint [ ] must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)). Nevertheless, even a *pro se* plaintiff must specifically refer to evidence in the summary-judgment record to place that evidence properly before the court. See Outley v. Luke & Assocs., Inc., 840 F.3d 212, 217 & n.9 (5th Cir. 2016); see also E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe *pro se* filings liberally, we still require *pro se* parties to fundamentally abide by the rules that govern the federal courts. *Pro se* litigants must properly present summary judgment evidence[.]").

**B. Standard Applied To Plaintiff's Fraud Claim.**

Summary judgment on Plaintiff's fraud claim is appropriate unless a genuine issue of material fact exists. Thus, the Court must consider (1) which facts are material elements of the Plaintiff's fraud action, and (2) whether a "genuine" issue exists regarding any such material element.

Under Federal Rule of Civil Procedure 9(b), a party must state with particularity the circumstances constituting the fraud or mistake alleged in the complaint. The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be

fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 207 (5th Cir. 2009). Based on Plaintiff's representations, the Court concludes that she brings her fraud claim under Article 1953 of the Louisiana Civil Code, which provides:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.[10]

This article is in the chapter of the Civil Code governing "Conventional Obligations or Contracts," in the section entitled "Vices of Consent," which addresses error, fraud, and duress. Id. The article contemplates fraud in the formation of a contract, not fraud in performing a contract. See id; see also Jeanes v. McBride, No. CV 16-1259, 2019 WL 2387863, at *3 (W.D. La. June 4, 2019). "[T]here are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P., 689 F.3d 380, 388 (5th Cir. 2012) (citing Shelton v. Standard/700 Assocs., 798 So.2d 60, 64 (La.2001)). The Fifth Circuit Court of Appeal specified that the legal standard for showing fraud is the intention not to perform at the time the promise is made because it constitutes a misrepresentation of a present rather than a future fact:

> The jurisprudence is clear that fraud cannot be imputed from alleged misrepresentation(s) alone but, rather, must be based solely on a person's intent not to perform. The general rule is that an action for fraud cannot be asserted based upon statements promissory in nature and relating to future actions. Neither can fraud be predicated upon the mere failure to perform a promise, nor is

---

[10] La. Civ. Code Art. 1953.

nonperformance of an agreement to do something at a future time alone evidence of fraud [ ]. However, fraud also may be predicated on promises made with the intention not to perform at the time the promise is made. It has been held that promises made without any intention of performance constitute a misrepresentation of a present rather than a future fact.

Automatic Coin Enterprises, Inc. v. Vend-Tronics, Inc., 433 So. 2d 766, 767 (La. App. 5 Cir.), writ denied, 440 So. 2d 756 (La. 1983).

**C. Analysis Of Plaintiff's Fraud Claim.**

Turning to the facts of the case, Plaintiff moves for summary judgment on the first claim for relief of the corrective complaint – fraud by means of forgery. See Record Documents 3 at 4 ¶ 16; 13 at 1. She alleges that Defendant forged her signature on the bill of sale and presented it to the Louisiana Office of Motor Vehicles officer during the time he temporarily possessed the vehicle under the parties' pawn agreement "in order to illegally transfer ownership of Plaintiff's Porsche to himself." Record Document 13 at 1. Plaintiff bases her claim on the following alleged facts: (1) "The defendant Renard D. Williams took possession of car under false pretense that he would repair the side view mirror but in fact he had different intentions;" (2) "[t]he defendant's intentional disappearance as proved by the above given record clarify his intention of fraud;" (3) "[t]he forgery of the bill of sale is a blatant act of the defendant that shows his malice." Record Document 3 at 4 ¶¶ 14-16. To support her allegations, Plaintiff submitted into evidence *inter alia* a bill of sale that she alleges to be forged,[11] an affidavit from an alleged handwriting expert,[12] as well as the Louisiana Office of Motor Vehicles title information.[13] Plaintiff denies ever seeing the bill of sale at the time she entered into a pawn agreement and claims she saw it for the first time

---

[11] Record Documents 13 at 9; 17 at 1 ¶ 4.
[12] Record Document 13 at 10.
[13] Record Document 13 at 4.

when she obtained certified copies from the Louisiana Office of Motor Vehicles with a transaction between her and the Defendant that took place on March 31, 2022. See Record Document 13 at 1.

Contrary to Plaintiff's allegations, Williams denies ever agreeing to repair a side view mirror on Roberson's vehicle,[14] forging any documents and/or Plaintiff's signature on the bill of sale and purports that Plaintiff herself signed the bill of sale along with the pawn agreement in his and witness Kaniesha Williams's presence on March 28, 2022. See Record Documents 17 at 1 ¶ 5; 2 ¶¶ 11-12; 4 ¶¶ 22-31. He further claims that he never changed a license plate on the vehicle to demonstrate his intention to return the car to Roberson after she pays him back. See id. at 17 ¶ 28. Lastly, Williams states that he stored the vehicle in his storage for the past 17 months without using it and intends to return it to Roberson after she pays him $13,000 under the pawn agreement. See id. at 17 ¶¶ 30-31. He supports his arguments with a hand-written pawn agreement between him and the Plaintiff,[15] the bill of sale,[16] as well as a text message exchange reflecting the parties' intentions in the pawn agreement.

Following both parties' representations, it appears that the fact - whether the parties agreed to and signed a bill of sale as a part of their pawn venture, is an essential and material element to the Plaintiff's claim of fraud under Louisiana law. Provided there is a valid agreement between the parties and Plaintiff indeed signed the bill of sale, her claims of fraud are non-meritorious. If the parties never signed the agreement or if it is void, Roberson has a chance to prevail on her claim of fraud during the trial. Therefore, existence or absence of the bill of sale presents a genuine issue of material fact that is central to Plaintiff's motion for summary judgment. Additionally, the Court

---

[14] According to Williams, he customizes and specializes in older model vehicles. He does not perform any repairs and therefore cannot recall having any conversations with Roberson regarding fixing her vehicle's side view mirror. See Record Document 10 at 1.
[15] Record Document 17 at 11.
[16] Id. at 14.

cannot turn a blind eye on a dispute as to witness Williams's presence at the time Roberson and Williams signed the pawn agreement along with the bill of sale. As noted *supra*, Plaintiff denies ever meeting the witness.

After review of evidence on the record, the Court concludes that resolution of the fraud claim in favor of the Plaintiff requires a much more complete record than is available. Here, Roberson has not shown with competent summary judgment evidence that the bill of sale was not a part of the parties' pawn agreement. Nor did Roberson show that she did not consent to allowing Williams to keep her vehicle as collateral in case she fails to repay him $13,000. Plaintiff does not meet her burden under the summary judgment standard. Accordingly, even though Defendant did not file a timely opposition to Plaintiff's motion, she is not entitled to summary judgment. Since there are genuine issues of material facts, summary judgment is not appropriate at this juncture.

## CONCLUSION

For the reasons stated above, the motion for summary judgment filed by the Plaintiff Tamara Roberson did not satisfy the minimum threshold required by Federal Rule of Civil Procedure 56(a). Accordingly, based on the foregoing, **IT IS ORDERED** that the Plaintiff's motion for summary judgment is hereby **DENIED.** An Order consistent with this memorandum Ruling shall follow.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of February, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE