UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TAMARA LASALLE ROBERSON | CIVIL ACTION NO. 23-597 |
| VERSUS | JUDGE DONALD E. WALTER |
| RENARD DESHAE WILLIAMS | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is an "Emergency Motion for Immediate Relief and to Declare Title Transfer Void Under 18 U.S.C. §§ 1341 and 1343" filed by *pro se* Plaintiff, Tamara LaSalle Roberson ("Plaintiff" or "Roberson"). Record Document 47. In an abundance of caution, the Court construes this filing as a motion for either a preliminary or a permanent injunction and/or a motion for summary judgment against the Defendant, Renard Deshae Williams ("Defendant" or "Williams").[1]

**IT IS ORDERED** that, to the extent Roberson's motion can be interpreted as a motion for a preliminary injunction, the motion is **DENIED**. To receive a preliminary injunction, the movant must show "(1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest." Nichols v. Alcatel USA, Inc., 532 F.3d 364, 372 (5th Cir. 2008). Roberson did not address these elements in her motion and thus failed to meet her burden.

---

[1] Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

**IT IS FURTHER ORDERED** that, to the extent Roberson's motion can be interpreted as a motion for a permanent injunction, the motion is **DENIED**. To receive a permanent injunction, the movant must show "(1) that it has succeeded on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." Valentine v. Collier, 993 F.3d 270, 280 (5th Cir. 2021). A permanent injunction would only be appropriate where "a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." Id. (quoting Sec. & Exch. Comm'n v. Life Partners Holdings, Inc., 854 F.3d 765, 784 (5th Cir. 2017)). Roberson did not address these elements in her motion and thus failed to meet her burden.

**IT IS FURTHER ORDERED** that, to the extent Roberson's motion can be construed as a motion for summary judgment, such motion is **DENIED** as untimely.[2]

Finally, the Court notes that Roberson's motion cites 18 U.S.C. §§ 1341 and 1343 in support of federal question jurisdiction under 28 U.S.C. § 1331. However, Roberson represented to this Court that the basis for jurisdiction is diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and she did not cite either of those statutes in her complaint or at any other point in this litigation. See e.g. Record Documents 1, 13, and 34. Consideration of any such federal claims is thus not properly before the Court. Nor would this Court grant any motion by Roberson to amend her complaint at this late stage.[3]

Even if this Court were to assume that Roberson's broad allegation of fraud in her complaint encompasses these federal statutes, those claims would be dismissed. Roberson has "no

---

[2] The dispositive motion deadline expired on June 21, 2024.
[3] The deadline for Roberson to amend her complaint expired on March 15, 2024.

2

right to bring a private action under federal criminal statutes." <u>Pierre v. Guidry</u>, 75 F. App'x 300, 300 (5th Cir. 2003). As to 18 U.S.C. §§ 1341 and 1343 specifically, the United States Court of Appeals for the Fifth Circuit found that these statutes do not "afford[] the court federal question jurisdiction in a civil case." <u>Napper v. Anderson, Henley, Shields, Bradford & Pritchard</u>, 500 F.2d 634, 636 (5th Cir. 1974). Therefore, 18 U.S.C. §§ 1341 and 1343 neither entitle Roberson to civil relief nor trigger jurisdiction under 28 U.S.C. § 1331.

For the foregoing reasons, **IT IS ORDERED** that Roberson's "Emergency Motion for Immediate Relief and to Declare Title Transfer Void Under 18 U.S.C. §§ 1341 and 1343" (Record Document 47) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12th day of December, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE