UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TAMARA LASALLE ROBERSON          CIVIL ACTION NO. 23-0597

VERSUS                           JUDGE DONALD E. WALTER

RENARD DESHAE WILLIAMS           MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

On December 12, 2024, the Court ordered Plaintiff, Tamara LaSalle Roberson ("Roberson"), to file briefing to support her contention that the Court has subject matter jurisdiction. See Record Document 49. Roberson filed her response to that order. See Record Document 52.

For the reasons set forth below, **IT IS ORDERED** that this case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### BACKGROUND

Roberson instituted this *pro se* legal action on June 1, 2023, in federal court on the basis of diversity jurisdiction. See Record Document 3. Roberson asserted claims of (1) fraud, (2) conversion, (3) breach of contract, (4) intentional infliction of emotional distress, and (5) unfair trade practices against Defendant, Renard DeShae Williams ("Williams"). See id. at 4-7. These claims derive from what appears to be a failed pawn agreement between Roberson and Williams.[1] See Record Document 24. Roberson initially requested that the Court either order the return of her vehicle in the same condition or order Williams to "pay $35000 for the car as per market value and $25000 for damages for committing fraud, breach of contract, unfair trade practices, conversion

---

[1] The memorandum ruling denying Roberson's motion for summary judgment (Record Document 24) sets forth the facts underlying her complaint in more detail.

and Intentional infliction of Emotional Distress and $15,100 for financial loss." Record Document 3 at 7. These alleged damages totaled $75,100.00.

On June 25, 2024, the Court ordered the *pro se* parties to file a pre-trial statement. See Record Document 33. The parties were required to include an exhibit list in the pre-trial statement, and the Court warned the parties that the "[f]ailure of a party to list an exhibit . . . will result in exclusion of that evidence absent a showing of manifest injustice to the offering party that outweighs any prejudice to the opposing party." Id. at 2. In her pre-trial statement, Roberson listed the following exhibits: the allegedly forged pawn agreement; allegedly forged copy of Roberson's identification card; allegedly forged bill of sale for her 2012 Porsche Panamera; a copy of her T-Mobile bill; text messages between the parties; an Uber receipt; a copy of the demand letters she sent to Williams; and Roberson's lie detector results regarding the alleged pawn agreement. See Record Document 34 at 2.

At the pre-trial conference, the Court raised concerns regarding federal subject matter jurisdiction. See Record Document 39 at 1. Magistrate Judge Hornsby requested Roberson to explain her calculation of damages. Roberson asserted the value of her vehicle is $25,000.00, and she suffered approximately $50,100.00 in mental distress and litigation expenses. See id. She also stated she had personal contents in the vehicle. See id. Magistrate Judge Hornsby warned Roberson she would need to be able to prove her damages to maintain subject matter jurisdiction in this Court.

On December 9, 2024, the parties participated in a court-mandated settlement conference. See Record Document 46. The minutes for this settlement conference indicated Williams intended to file a motion to dismiss for lack of subject matter jurisdiction. See id. The next day, Roberson filed a motion captioned as an "Emergency Motion for Immediate Relief and to Declare Title

2

Transfer Void Under 18 U.S.C. §§ 1341 and 1343." Record Document 47 at 1. A section of this motion is titled "Federal Jurisdiction." Id. at 1. For the first time, Roberson claimed the Court had subject-matter jurisdiction under 28 U.S.C. § 1331. See id. She also cited two federal criminal statutes. See id. Roberson then asserted the market value of her vehicle was $25,267.00 and her claim for "treble damages ($75,801.00)" under 18 U.S.C. §§ 1341 and 1343 satisfied "the amount-in-controversy requirement under 28 U.S.C. § 1332 if diversity jurisdiction is applicable." Id. at 2-3.

The Court denied Roberson's emergency motion. See Record Document 48. In doing so, the Court noted Roberson had not previously raised the federal law claims, and the deadline to amend her complaint had passed. See id. at 2. The Court further noted that, even if such claims were added, those claims would be dismissed because (1) Roberson could not bring a private civil action under federal criminal statutes, and (2) those statutes did not create federal question jurisdiction in district courts. See id. at 2-3.

In sum, at this point, the Court had received three different calculations of damages from Roberson. See Record Documents 3, 39, & 47. In her complaint, Roberson claimed $35,000.00 was the market value of her vehicle, yet at both the pre-trial conference and in the emergency motion, Roberson reduced the market value to approximately $25,000.00. See id. Additionally, in her complaint, Roberson sought $25,000.00 for damages related to the claims raised therein and $15,100.00 for other financial loss. See Record Document 3. Nonetheless, at the pre-trial conference, she claimed she was seeking $50,100.00 for mental distress, litigation expenses, and the personal contents in the vehicle. See Record Document 39. In her emergency motion, Roberson instead sought treble damages under federal criminal statutes. See Record Document 47. However,

3

because treble damages were not available to Roberson under those statutes, the sum of damages claimed by Roberson in her emergency motion totaled $25,267.00.

A federal court is "duty-bound to examine its subject-matter jurisdiction sua sponte." Burciaga v. Deutsche Bank Nat'l Tr. Co., 871 F.3d 380, 384, n. 4 (5th Cir. 2017). In other words, the Court has an obligation to examine subject matter jurisdiction on its own and may do so at any stage of litigation. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). Because the type and value of damages alleged by Roberson had changed multiple times, the Court found it was no longer able to determine whether her complaint satisfied the amount-in-controversy requirement. Therefore, on December 12, 2024, the Court issued a minute entry requiring Roberson "to provide proof to support her claims regarding the amount in controversy."[2] See Record Document 49 at 1. The Court warned Roberson her suit would be dismissed if the Court found to a legal certainty she was never entitled to recover those damages. See id. at 1-2.

The next day, Roberson filed a motion captioned as an "Emergency Motion for Writ of Replevin and Damages Based on the Merits." See Record Document 50 at 1. In this motion, Roberson asserted the amount in controversy exceeds $75,900.00. See id. She calculated the damages as follows: $25,267.00 for the market value of her vehicle, $40,000.00 for emotional

---

[2] The Court would be remiss if it did not acknowledge Roberson's concern regarding judicial bias and procedural irregularity. Roberson asserts the Court's reference to Williams's intent to file a motion to dismiss is "deeply troubling" and that "[t]his procedural irregularity—coupled with the Court's failure to adhere to established deadlines—raises concerns about the fairness of the proceedings." Record Document 52 at 4. The Court takes seriously these concerns but finds them without merit.

An acknowledgment that Williams previously voiced these concerns to the Court does not mean the Court issued its order on Williams's behalf. The minute entry makes clear that the Court issued this order on its own behalf. See Record Document 49 at 1 (noting that the Court must "consider the question of subject matter jurisdiction sua sponte *even if that issue is not raised by a party*") (emphasis added). Additionally, the Court's order was not untimely or procedurally irregular. Subject matter jurisdiction can be raised at any time in the proceedings. See United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012).

4

distress damages, $300 for contents in the vehicle, and $40,000.00 for punitive damages "based on Defendant's egregious conduct," for a total of $105,567.00. Id. at 2. Magistrate Judge Hornsby denied this motion as frivolous. See Record Document 51.

On January 3, 2025, Roberson submitted her briefing on damages pursuant to the minute entry directive. See Record Document 52. Roberson argues "the fraudulent misrepresentation of the vehicle's mileage, forgery, and failure to comply with procedural deadlines by the defendant have caused substantial harm and damages that exceed the $75,000 jurisdictional threshold."[3] Id. at 2. Roberson attached a bar graph entitled "Breakdown of Estimated Damages," which sets forth damages of $22,650.00 for unjust enrichment, $33,145.00 for 2022 business losses, and $46,000.00 for reduced income. Id. at 7. She asserts her claim for damages is further "bolstered by punitive damages and emotional distress, both of which exceed the $75,000 threshold." Id. at 2. Finally, Roberson states that, "[w]hile [she] originally sought $15,100 in financial loss, he[r] [sic] total damages have increased due to the fraudulent actions of the defendant." Id.

## LAW AND ANALYSIS

**I.    Subject Matter Jurisdiction.**

"Subject-matter jurisdiction can never be waived or forfeited." Gonzalez v. Thaler, 565 U.S. 134, 141, 132 S. Ct. 641, 648 (2012). This is so because "[f]ederal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). Relevant here, a district court has jurisdiction of claims between citizens of different states where the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. "The amount in controversy . . . is

---

[3] Williams's allegedly fraudulent misconduct during litigation has no bearing on whether Roberson satisfied the amount in controversy. See White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003) ("[T]he amount in controversy should be determined at the time of filing.").

determined by the amount of damages or the value of the property that is the subject of the action." Celestine v. TransWood, Inc., 467 F. App'x 317, 319 (5th Cir. 2012).

The party invoking federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that these requirements are satisfied. See Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[T]he party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."). Importantly, subject matter jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (citing Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir.1983)). See also Diefenthal v. C. A. B., 681 F.2d 1039, 1052 (5th Cir. 1982) ("Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.").

Because federal courts are courts of limited jurisdiction, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." Howery, 243 F.3d at 919. See also The Lamar Co., L.L.C. v. Miss. Transp. Comm'n, 976 F.3d 524, 528 (5th Cir. 2020), as revised (Sept. 24, 2020) ("Every federal court should, on its own, ensure that subject-matter jurisdiction is present."). Should the federal court find subject matter jurisdiction lacking, regardless of when such discovery is made, it must dismiss the action. See Fed. R. Civ. 12(h)(3); Stockman, 138 F.3d at 151 ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."); Wiltz v. Am. Sec. Ins. Co., No. 10-635, 2010 WL 4668355, at *7 (E.D. La. Nov. 9, 2010) ("The Federal

Rules of Civil Procedure do not contemplate a limit as to when a court can entertain a challenge to its subject-matter jurisdiction.").

In general, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 590 (1938). But "a court would be remiss in its obligations if it accepted every claim of damages at face value, . . . This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims." Diefenthal, 681 F.2d at 1052. Thus, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty . . . the suit will be dismissed." St. Paul Mercury Indem. Co., 303 U.S. at 289, 58 S. Ct. at 590.

**II.     Roberson's Claims for Damages.**

When Roberson filed this matter, the Court initially found the sum of damages claimed by Roberson in her complaint were in good faith, so it did not, at that time, question subject matter jurisdiction. However, as discussed *supra*, Roberson changed both the basis for and value of her claims for damages at the pre-trial conference and in many subsequent filings. As such, the Court finds it necessary to confirm that this action satisfies the amount-in-controversy requirement.

**A.  Recoverable Damages Under Her Causes of Action.**

The Court must first determine what categories of damages are recoverable under Roberson's claims. Roberson alleged five distinct causes of action: fraud, conversion, breach of contract, intentional infliction of emotional distress, and unfair trade practices. See Record Document 3 at 4-7. These causes of action support claims for compensatory damages, which, with

7

the exception of Roberson's breach of contract claim,[4] include general damages.[5] "General damages are those which . . . involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." Bellard v. Am. Cent. Ins. Co., 980 So. 2d 654, 674 (La. 4/18/08) (citations and internal marks omitted).

Roberson may not recover punitive damages under any of these causes of action.[6] "In Louisiana, there is a general public policy against punitive damages; thus, a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute." Ross v. Conoco, Inc., 828 So. 2d 546, 555 (La. 10/15/02). Only a few Louisiana statutes authorize the imposition of punitive damages. See Blewster v. Garvey, No. 19-11914, 2020 WL 12740544, at *4 (E.D. La. Sept. 23, 2020) (collecting statutes). Because none of Roberson's causes of action allow the recovery of punitive damages, Roberson is not entitled to punitive damages.

---

[4] See Hoskins v. State Through Div. of Admin., Off. of Cmty. Dev., 273 So. 3d 323, 333 (La. App. 1 Cir. 2/25/19) (holding it was manifestly erroneous to award general damages where a contract did not involve a non-pecuniary interest).

[5] A plaintiff may recover damages, including general damages, for fraud. See La. Civ. Code Art. 1958; Montet v. Lyles, 638 So. 2d 727, 731-32 (La. App. 1 Cir. 6/4/94). For conversion, a plaintiff can receive (1) either the original property or the value of the property at the time the conversion occurred (if the original property is no longer able to be returned) and (2) general damages. See Gibbs v. Harris, 799 So. 2d 665, 671 (La. App. 2 Cir. 10/31/01); Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So. 2d 756, 763 (La. 9/10/85). A plaintiff may recover foreseeable damages for a breach of contract caused by a good faith obligor and all damages, foreseeable or not, for damages caused by a bad faith obligor. See La. Civ. Code arts. 1996-1997. A plaintiff may recover damages resulting from severe emotional distress for an intentional infliction of emotional distress claim. See Arco Oil & Gas Co., a Div. of Atl. Richfield Co. v. DeShazer, 728 So. 2d 841, 845 (La. 1/20/99) ("[Louisiana courts] have held that only one who by extreme and outrageous conduct intentionally or negligently causes severe emotional distress to another is subject to liability for such damages."). Finally, a plaintiff may recover "actual damages" under the Louisiana Unfair Trade Practices Act. See La. R.S. 51:1409(A).

[6] Roberson lists several cases to support her proposition that punitive damages are available in her case. A careful review of these cases demonstrates punitive damages were either not discussed or were based on a different Louisiana statute, different cause of action, or a different state's law.

### B. Market Value of Vehicle.

Roberson seeks either the return of her 2012 Porsche Panamera or the market value of her vehicle. See Record Document 3 at 7. Conversion expressly allows for recovery of the market value of the vehicle at the time of conversion. Assuming Roberson has submitted adequate proof for this damage, this damage is recoverable and will count towards the amount in controversy.

Roberson initially contended the market value of her vehicle was $35,000.00, but she has since stated the market value of her vehicle is $25,267.00. Compare Record Document 3 at 7 with Record Documents 39 at 1, 47 at 2, and 50 at 5. To support this claim, Roberson previously submitted three sales offers for a 2012 Porsche Panameras with different mileages. See Record Document 47 at 33-35. These valuations range from $26,070.00 for 111,740 miles to $34,589.00 for 60,326 miles. See id. The mileage for Roberson's vehicle was approximately 94,876 miles. See Record Document 13-1 at 7. Based on these valuations, the Court cannot say, to a legal certainty, that Roberson cannot recover approximately $25,267.00 for the market value of the vehicle. As such, this damage will count towards the amount in controversy.

### C. Financial Loss.

Roberson initially sought $15,100.00 for financial loss. See Record Document 3 at 7. In her response to the Court's order regarding jurisdiction, Roberson contends her financial damages have "increased due to the fraudulent actions of the defendant." See Record Document 52 at 2. Roberson's causes of action generally allow for the recovery of compensatory damages, which would include financial loss connected to her injury. Assuming Roberson has submitted adequate proof for this damage, this damage is recoverable and will count towards the amount in controversy.

To support these damages, Roberson provided an Uber receipt and documentation related to the purchase of a new vehicle. See Record Documents 34 at 23 & 52-1 at 1-11. Based on the non-conclusory factual allegations in Roberson's complaint and the proofs provided, the Court cannot say, to a legal certainty, that Roberson cannot recover these damages. As such, the $194.89 for the Uber and the $14,226.38 for the new vehicle will count toward the amount in controversy.

Neither Roberson's complaint nor her response supports the recovery of any other financial loss. In her supplemental briefing, Roberson claims damages for unjust enrichment, 2022 business losses, and 2023 reduced income for the first time, but she does not provide any factual allegations explaining how Williams's actions caused those damages. See Record Document 52 at 7. Indeed, Roberson's only statement regarding these damages suggests they are related to her purchase of the new vehicle. See id. at 2 (stating "[l]oss of income between Jaguar and Porsche graph shows income loss"). Any damages Roberson sustained because of the purchase of the new vehicle have already been accounted for, and Roberson makes no attempt to explain how these damages are different.[7] Although the Court afforded Roberson an opportunity to establish these damages, her calculation remains wholly speculative and conclusory and will not be considered by the Court. See Savage v. Hill Cnty. Pawn, No. 18-00043, 2018 WL 7377622, at *2 (W.D. Tex. Oct. 10, 2018) ("Merely speculative valuation of a claim does not constitute satisfactory evidence of the amount in controversy and will not satisfy St. Paul Reinsurance's more-likely-than-not test."). As such, Roberson's alleged damages for unjust enrichment, 2022 business losses, and 2023 reduced income will not count toward the amount in controversy.

---

[7] Roberson states the Court may review relevant tax documents upon request. See Record Document 52 at 2. Even assuming the Court reviews those documents, Roberson still failed to plead facts that support the recovery of these damages.

10

### D. Emotional Distress.

The only remaining category of damages is Roberson's alleged emotional distress. For the amount-in-controversy requirement to be satisfied, Roberson's emotional distress damages must exceed $35,311.73.[8] Originally, in her complaint, Roberson sought $25,000.00 for damages related to her causes of action. See Record Document 3 at 7. This calculation presumably includes her claim for emotional distress. Roberson's causes of action generally allow for the recovery of emotional distress. Assuming Roberson has submitted adequate proof for this damage, this damage is recoverable and will count towards the amount in controversy.

In her complaint, Roberson's intentional infliction of emotional distress claim alleges Williams asked her to travel back to Louisiana from Dallas and then ignored her attempts to recover the vehicle once she arrived in Louisiana. See id. at 5-6. Roberson also makes general claims for emotional distress related to Williams's possession of the vehicle. See e.g. id. at 5. However, Roberson has not provided any proof to support the alleged severity of these emotional distress damages despite the Court expressly ordering her to do so. Roberson makes a general statement that Williams's actions caused "strain on familial relationships[,]" but she provides no proof about the extent or existence of those damages. Record Document 52 at 2. Because any calculation of damages related to this emotional distress is wholly speculative and conclusory, the Court will not consider it. See Rodney v. Waffle House, Inc., No. 18-481, 2018 WL 6829041, at *6 (M.D. La. Oct. 22, 2018) (recommending dismissal for lack of subject matter jurisdiction

---

[8] The market value of Roberson's vehicle ($25,267.00), the cost of her new vehicle ($14,226.38), and her Uber receipt ($194.89) (which together total $39,688.27) count towards the amount in controversy. The amount in controversy must exceed $75,000.00. See 28 U.S.C. § 1332. $75,000.00 minus $39,688.27 equals $35,311.73. Therefore, Roberson's emotional distress damages must exceed $35,311.73 to satisfy the amount in controversy.

11

because the complaint was "vague regarding the types of injuries incurred and any future problems resulting from the incident").

In her response to the Court's order regarding jurisdiction, Roberson additionally alleges her parent's ashes were in the vehicle, and Williams's continued possession of those ashes caused emotional distress. See Record Document 52 at 2. Roberson did not include any factual allegations relating to her parent's ashes in her complaint. Nevertheless, even if the Court were to consider emotional distress damages related to Williams's possession of her parent's ashes, Roberson's complaint still would not satisfy the amount-in-controversy requirement. Other than conclusory allegations that Williams's actions caused "significant emotional distress[,]" the only proof Roberson submitted to support this claim of damages is an undated suicide chat log, which would not support the imposition of damages exceeding $35,311.73.[9] See id. at 2, 20-23. Because Roberson's emotional distress damages do not exceed $35,311.73, the Court finds, to a legal certainty, that Roberson was never entitled to recover damages totaling at least $75,000.00.[10] Therefore, the Court lacks subject matter jurisdiction over this case, and dismissal is required.[11] See Fed. R. Civ. 12(h)(3).

---

[9] Notably, the suicide chat log provided by Roberson is undated, which makes it difficult (if not impossible) to determine the extent of Roberson's emotional distress damages at the time she filed her complaint. See Richards v. Winn Dixie, No. 14-2629, 2015 WL 3476952, at *1 (E.D. La. May 29, 2015) ("[T]he amount in controversy is determined at the time of filing . . . Post-filing events (such as 'ongoing therapy sessions') generally do not affect the analysis.").

[10] Roberson's initial damages calculation supports this Court's conclusion that Roberson was never entitled to recover at least $35,311.73 in emotional distress damages. Prior to filing her complaint, Roberson knew Williams allegedly possessed her parent's ashes. See Record Document 52 at 18-19. Yet she valued the damages related to her causes of action as $25,000.00. See Record Document 3 at 7. Even if the Court accepts Roberson's initial calculation, her damages still fall below the jurisdictional threshold.

[11] Because Roberson already pleaded her best case, dismissal without an opportunity to amend is appropriate. See Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (finding that the district court need not grant a pro se litigant leave to amend if the plaintiff already pleaded her best case).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Roberson's Complaint (Record Document 3) against Williams is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A judgment consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of January, 2025.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE